UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SHIRLEY FELDER,

                Plaintiff,

-v-

TAMMY JOHNSON; TRINISHA DOE

                Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 15 2007 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
07-CV-3784 (ENV) (LB)

VITALIANO, United States District Judge.

Plaintiff's original complaint alleged that the staff at Rikers Island Correctional Facility failed to protect her from an altercation and subsequent injury with another inmate. On September 12, 2007, this Court entered an order dismissing the claim against Rikers Island Correctional Facility,[1] but granted plaintiff leave to amend her complaint to identify, as best as she can, the individual defendants who were personally involved in the events that she claims violated her rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Plaintiff was further directed that if she does not know the true identity of an individual defendant, she must provide as much detail as possible, including a physical description of each defendant, whether the defendant was a man or a woman, what position or job each defendant held, so that each defendant may be identified. In addition, plaintiff was directed to set forth the legal basis and factual allegations to support her claims against each defendant, and the relief she is seeking with respect to each. Finally, plaintiff was reminded that mere negligence does not give rise to a

---

[1] Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 17 § 396. See, e.g., Rivera v. Rikers Island, C-74, No. 02 Civ. 1560, 2004 WL 1305851, at *1 (S.D.N.Y. May 13, 2004); David v. G.M.D.C., No. 01 Civ. 6931, 2002 WL 31748592, at *3 (S.D.N.Y. Dec. 6, 2002) (dismissing claim against George Motchan Detention Center at Rikers Island as violative of § 396).

constitutional violation. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Daniel v. Williams, 474 U.S. 327, 333 (1986).

Plaintiff's amended complaint, received on October 3, 2007, names two defendants and provides a physical description of each. However, it is unclear who these defendants are. Moreover, plaintiff fails to set forth any legal basis or factual allegations against the defendants she purports to identify. Accordingly, in deference to plaintiff's *pro se* status, this Court grants plaintiff a final opportunity to amend her complaint. Should plaintiff file a second amended complaint she must state who the defendants are, whether the defendants are employed at Rikers Island Correctional Facility, and if so, by whom and in what position. Moreover, plaintiff must set forth the legal basis and factual allegations to support her claims against each defendant, and the relief she is seeking with respect to each. The amended complaint must be captioned as a "Second Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this order, the Court shall dismiss this complaint for failure to state a claim upon which relief can be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
October 12, 2007